United States v. National Semiconductor Good morning, Your Honor. Robert Scott Whiteley, representing a defendant appellant, National Semiconductor Corporation. It is the court. The trial court issued basically a two-part judgment in the case before you. The first part related to a civil penalty which was assessed under 19 U.S.C. That's the $10,000. Yes, sir. That original penalty that was passed by the government was $258,000, representing a penalty equal to the interest under the IRS. The interest calculation was not... But I gather... I want to... Sure, I understand. I gather your client's position before the agency and before the... I'm sorry, before Customs, obviously, before the CIT was... Sure, you could impose the maximum penalty, but you have to go through an exercise of discretion based on... Was it complex machine words? Yes, Your Honor. 14 factors? Yes, Your Honor. Was it 10? 14. 14, okay. In other words, that was your position. That was why you went to the court or why you protested the determination of the $250,000. You said there should be some discretion here based on our conduct. Yes, Your Honor. And, in fact, we applaud the court for its fairness and temperament upon those factors and believe that a $10,000 penalty was appropriate. Yeah, but the problem you have here, it seems to me, even if we accept kind of your legal arguments about where the court, international jury, judge may have erred... Right. It's hard for me to accept that the relief, which I think is what you're seeking, is that we leave with the $10,000 penalty and the case is over. Is that what you're asking? Absolutely, Your Honor. And the problem I have is that when the court assessed, evaluated that $10,000, he used, you say erroneously, we may agree with you, but he used the fact that he was awarding compensatory interest, the compensatory award, to offset it as kind of a mitigation. If we take that away, then in all fairness, are we required to send it back to the court of international jury to reevaluate those factors appropriately? I believe you are, Your Honor. Okay. Absolutely. We're not asking you to simply walk away from it. We think the judge, as a matter of law, in assessing the interest here, Section 1514 provides tonality liquidation. Many years ago, when I worked for the Customs Service, there was no liquidation. An entry couldn't be liquidated for years and years. As a matter of fact, it was for a specialist. I liquidated an entry that was filed in 1947. In 1973, it was evaluated. Your Honor, just to pick up on your discussion with Judge Prost, I hear you agreeing then that if, and we'll have to see, if the court were to conclude that it was error for the judge to look to 1505C, then the appropriate course would be to send it back for an analysis under 1592, a new analysis under 1592D. I concur. Please, Your Honor. As I said, in the days before the Modernization and Simplification Act, which was passed in 1978, there was no limitation on liquidation. Basically, an unliquidated customs entry is a contingent liability for increased duties for import. During the legislative history discussions in the Simplification Act, the Congress specifically decided that that was simply an untenable position, that businesses could not be put in a position where the import product, they book a profit on it, and some 5, 10, some 20 years later, they get an increase in duty from customs, which could effectively wipe out their profit. In those days, 1978, the average duty rate was about 20%, which is a very substantial duty rate. So the finality is a very important point. The Congress even suggested that they recognize that putting a limitation on liquidation could cost the government significant amounts of money, which they otherwise might have gotten. In fact, I think they put a number of about $20 million per year on that. Again, in the old days, as I call them, there was a Section 1621 of Title 19, and that provided reliquidation for fraud. That allowed, if a fraudulent violation in Section 1592 was determined, Customs Service was allowed to reliquidate those entries with duty increases within two years of discovery of fraud. That was later repealed. The trial court judge, rather than saying that that was no longer applicable, said, well, that provides a foundation for reliquidating entries where a pre-penalty notice has been issued. And I would submit that if Congress doesn't want or chose to eliminate that two-year reliquidation for fraud provision, it certainly wouldn't anticipate that the court would now allow a five-year reliquidation provision for ordinary negligence. Can I move you to a different question? Yes, ma'am. I'm not sure how much you covered it in the brief because you want us to send it back. But on the question of pre-judgment interest, which may or may not be an issue in this case, and presumably even if we were to send it back as you're requesting to the CRT, it may ultimately be an issue. Is it your view that this is a penalty and that penalties under our case in interior foods do not warrant pre-judgment interest? Yes, ma'am. And is it your view that that's not even within the district court's discretion then to include pre-judgment interest on penalties? Yes, Your Honor, I believe that's true. In fact, in this case, the judge, I believe the government had asked for pre-judgment interest and denied it, as I recall. But because he said, whatever interest I award can't exceed the $258,000 amount, which is the penalty amount. So in a sense, it really is an interest if it's limited by the statutory penalty amount, I would think. Oh, so you think he was arguably led astray because of the compensatory of the different types? I believe he may have been, Your Honor. I have nothing further for the moment. Any questions? Thank you. May it please the Court. We don't disagree with National Senate conductor on the issue of reliquidation. Section 1514 provides for finality of liquidation. So why are we here? So you agree that you need clarification or some modification of the Court of International Trade order, right? We agree that at this point, when we go through the history of what occurred, the NSC filed a motion for reconsideration of the trial court's judgment. And in response, we informed the court that we believed it had given us too much money, that the interest that it gave to the government under Section 1505 was too much, and that the total judgment must be capped by the $250,000 amount that we asked for in our complaint. Mr. Soot, let me ask you, do you think it was correct or incorrect for the judge to leave 1592D and look to 1505C? Or should he have just stayed in 1592D? You understand what I'm coming from. Yes, he should have stayed in 1592D. But at the end of the day, the trial court issued what we believe to be a judgment for a sum certain, although the final judgment is also somewhat ambiguous. We, on Wednesday, provided the court with a copy of the judgment orders, which I believe has been forwarded to your Honor. Well, it seemed to be... No, I think it's always helpful to get that. It looks like he awarded 250 and change, $250,000 and change in prejudgment interest on that, then $10,000 in addition. That's what it appears. The modified judgment, if it leaves the $10,000 from the first judgment order intact... We view the modified judgment as superseding the earlier judgment. There's some ambiguity in there, because in NSC 3, the trial court both said, yes, we're going to grant the government's request, but then at the same time, that the total judgment be capped by $250,840. What about the question, I guess, that Judge Prost was discussing with Mr. Whitley about prejudgment interest? Let's assume here that all you had was an award under 1592D as an interest penalty, whether it was $10,000 or $100,000 or $250,000, whatever. Mr. Whitley takes the position that prejudgment interest is, as a matter of law, I think, not available on any award under 1592D. What is the government's position on that? We believe that prejudgment interest is available, and especially in a situation such as this. The standard of review, of course, is abuse of discretion. Did the trial court abuse its discretion when it awarded prejudgment interest to the government? Well, in this case, given the fact of this case, National Semiconductor retained a large amount of revenue that belonged to the United States. Interest accrued on that money. But this is where there may be a difference, an important difference, as to whether you go under 1505 or 1592. And I'm not saying this is the case, but assume for the moment that it is proper to award prejudgment interest when you award something under 1505, but not proper, as Mr. Whitley argues, when you go under 1592. So there, that... And I don't know if that's the case, because this issue hasn't really been heavily briefed as to whether an award under 1592 of prejudgment interest is OK. I mean, maybe if the case goes back, maybe that would be something in the first instance that the CIT should resolve. Well, we believe that under the abuse of discretion standard, the trial court was clearly within the applicable law. Is that true about our interior foods, that even with respect to a penalty, you can award prejudgment interest? In a case such as this, yes, because all this was was interest on the unpaid bill. All that the trial court was attempting to do... But do we all agree that 1592 is a penalty? Yes, we do. We agree that it's a penalty statute. And when Congress enacted the section on prior disclosures, it provided a maximum interest penalty in the... So you think this is not the kind of penalty that Imperial Foods was talking about? No, not at all. Imperial Foods was a much more penal penalty. This penalty only puts the parties back in the places where they would have been if National Semiconductor had complied with the law from day one. I have a point taken. I got it. Let me go back to what I initially asked, which is why... And I was about to go back to that. You said you told the judge you gave us too much money and then you got taken away. And then National Semiconductor 3 was issued by the trial court. We were in the process of analyzing NSC 3, but the notice of appeal was filed 8 days after issuance of NSC 3, so we couldn't take any further action with the trial court. There was no response from the trial court at that time. Excuse me? There was no response. You called him or you filed something, but there was no response, is that what you're saying? No, there was the first National Semiconductor judgment in NSC 2. National Semiconductor filed a motion for reconsideration, and we responded to that motion and informed the trial court that we disagreed with the amount of the judgment and said no, under Section 592D, the maximum judgment allowed is $250,840. The trial court had initially granted us a judgment in the amount of...well in excess of that. And so the trial court reduced that total interest judgment in National Semiconductor 3. When we were analyzing NSC 3, we believed that the decision was somewhat ambiguous, but it got us kind of half the way to where we wanted to be. And then only eight days later, National Semiconductor filed this notice of appeal, so we couldn't ask for further clarification from the trial court. But that clarification goes not just to the amount, which is in excess of the $250,000, whatever the number is, but also to the categorization of the amount, correct? Yes. So there's no dispute, the government does not dispute that there shouldn't be compensatory damages here. It should all come under 1592, correct? It should all come under 1592, yes. And the only reason that you didn't go back to the trial judge and seek... because you all agree on quite a number of the issues that are left to be unresolved was because you couldn't do it because they had filed an appeal and you were not free to go back to the trial judge. That's true. And also given the language of the modified judgment in this case, we believe that the court can affirm on that basis, especially given the fact that... No, I mean, we don't know what the trial judge... You conceded, it wasn't in your court penalty. Are we supposed to put ourselves in the position of the trial judge and say that he would have awarded the $250,000 correctly under 1592 if he had done it right? Well, we believe that the court can affirm a judgment and because the court reviews judgments, it can affirm the judgment on any basis. But you don't think we can affirm the judgment. We have to modify it because you agree it's excessive. No, we don't... the first judgment was excessive. The second... Oh, $10,000 over at least? It might be. The judgment orders are somewhat ambiguous on that point because the modified judgment doesn't mention the $10,000. All it says is that the compensatory interest reflected in the judgment of June 16, 2006 is hereby modified to the specific amount of $250,000 and then the modified judgment ordered pre-judgment interest on that amount. It never mentioned the $10,000. But if he didn't modify it, that assumes it still stands, right? We believe it's ambiguous on that point. There are statements in NSC 3 that indicate maybe that the trial court intended to grant us what we had asked for, which was a maximum penalty based on the Section 1592 ceiling, or there's also language that indicates that the $10,000 penalty on top, additional penalty, still stands. But I do hear you saying, Mr. Ticini, it would be improper to have an award of $250,000 in addition to the $10,000. Yes. And we certainly disclaim any award of a penalty above $250,840. So what you're saying you're tied up to is $250,840 plus the pre-judgment interest. Yes. But not the $10,000. That's correct. Assuming it's still part of the judgment. Right. That would put the government in a position it would have been had National Semiconductor complied with the law. Likewise, it would put National Semiconductor in a position it would have been had it complied with the law. But you also agree that the court's treatment of the amount and its characterization of the amount and the statutory basis for those amounts was inerrant. In its opinion, yes. We agree that the opinion was, and the statutes cited by the court in the opinion were erroneous. We agree with that. We do maintain, however, that the court here may affirm a judgment because it's not based upon the opinion. The court doesn't affirm opinions, it affirms judgments. Well, except on the judgment part, you can see it. I mean, at least it's an open question under Imperial Foods as to whether or not this is actually the kind of penalty they were talking about. The judge, by using his discretion, was awarding pre-judgment interest on what he was characterized as compensatory on another statute. So how are we to review him for abuse of discretion when the analysis was completely the wrong analysis? Right. Well, what the court could do is look at basically the purposes of Section 592 and look and see... So we would have to reanalyze it,  Well, the question would be, was it an abuse of discretion for the judge to get to where he got in the judgment order, even if this court disagrees with the reasoning behind the trial court's opinion? And if there are no further questions, I will yield the rest of my time and respectfully request that the court affirm the trial court's judgment. Thank you. Thank you. A point for the court. The trial court judge was very careful to point out that he assessed that interest as a matter of making the government whole, as a matter of equity. I point out first that the customs laws of the United States are not equitable in nature, but they're simply a comprehensive statutory scheme to regulate the implication of control of goods into the United States. The other point is kind of ironic because the court also found that, based on the testimony of a government witness, but for national semiconductors having come forward, they never even would have gotten the duty because customs doesn't have any other mechanism currently in force or active to collect 1592D duties other than through the prior disclosure process. And that was testimony by a very senior attorney in the Customs Penalty Branch. So from our standpoint, the $900,000 in duty, or $980,000 in duty we tender, the government never would have received it had it not been for the goodwill and the proactive compliance efforts of national semiconductor. So rather than making the government whole, he's actually adding interest to basically what was a windfall to the government, which they would not receive. Again, I urge the court that the award of interest in this case, in any event, is not statutorily appropriate, but it is absolutely appropriate for the judge in his sound discretion to have the authority or the ability to go back and revisit the complex machine works factors in light of the fact that no interest should be assessed and make an appropriate judgment. Thank you very much. Thank you. All rise. The item, of course, is adjourned from day to day.